UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AUNDRELLA CONERLY,

        Plaintiff,                     CIV S-02-1710 DFL PAN (JFM) PS

        v.

LES BROWNLEE, Acting Secretary of the      FINDINGS AND RECOMMENDATIONS
Army; GARY RICHARDS; JOHN H.
MOORMAN; KENNETH F. SELOVER,

        Defendants.

—o0o—

        Plaintiff filed this Title VII action on August 13, 2002, against the Secretary of the U.S. Army and three of plaintiff's supervisors in the Environmental Programs Branch of the California National Guard. The court permitted an extension of time for plaintiff to effect proper service of process upon defendants, who answered the complaint on September 5, 2003. The court thereafter permitted an extension of time for plaintiff to file a joint status report, which she filed on February 19, 2004. The court issued a scheduling order on February 26, 2004; on March 30, defendant Brownlee moved for summary judgment or to dismiss, and on June 29, remaining defendants moved for summary judgment or summary adjudication of issues. Plaintiff obtained counsel effective July 14, 2004, and thereafter moved for leave to file an amended complaint or, alternatively, requested additional time to respond to defendants' motions.

1   By order filed January 19, 2005, the court granted plaintiff's motion for leave to amend her complaint (Fed. R. Civ. P. 15(a)) and accorded her thirty days to serve and file an amended complaint.  The court denied defendants' motions without prejudice to their renewal relative to the amended pleadings, denied plaintiff's request for additional time to respond to defendants' motions, and vacated the scheduling order.

More than a year has passed and plaintiff has not filed an amended complaint or responded in any way.

Dismissal is the appropriate sanction for plaintiff's failure to prosecute this action.  Dismissal is authorized by Fed. R. Civ. P. 41(b) (dismissal appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . "); Fed. R. Civ. P. 16(f) (dismissal appropriate "[i]f a party . . . fails to obey a scheduling order or pretrial order"); and E. D. Cal. L. R. 11-110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the court").  Accord, Weissleader v. County of Riverside, 2005 WL 824038 (9th Cir. 2005) ("[t]he district court did not abuse its discretion when it dismissed [plaintiff's] action for failure to prosecute because [she] failed to submit a proposed second amended complaint within the enlarged time she had requested and obtained").

Plaintiff's pro se status does not derogate this authority.  "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E. D. Cal. L. R. 83-183.

The court recognizes that dismissal is a harsh penalty that should be imposed only in extreme circumstances.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether to dismiss a case, district courts must weigh five factors: "(1) the public

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U. S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Dismissal is appropriate when at least four factors support dismissal or where at least three factors "strongly" support dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The first two factors weigh strongly in favor of dismissal. In yet a third attempt to accord plaintiff additional time to prosecute her case, and to accord plaintiff the significant opportunity of repleading her case, the court denied defendants' substantive motions and vacated its existing scheduling order. Plaintiff's failure to respond in any way undermines both the public interest in expeditious resolution of litigation and the court's need to manage its docket.

Dismissal is also strongly warranted under the third factor, risk of prejudice to defendants. "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay [which] creates a presumption of injury to the defense." Henderson, 779 F.2d at 1423. This case was filed nearly three years ago, and defendant Richards is now deceased. Plaintiff's failure to file an amended complaint or otherwise respond to the court's order, coupled with her initial dilatory conduct in prosecuting this action, have been clearly prejudicial to defendants' ability to marshal pertinent evidence and witnesses in their defense.

The fourth factor–the public policy favoring disposition of cases on their merits-weighs generally against dismissal. However, where, as here, plaintiff has failed to prosecute her own claim, this factor is strongly outweighed by the factors supporting dismissal.

The fifth factor, availability of less drastic sanctions, also weighs strongly in favor of dismissal. Monetary sanctions are infeasible to coerce plaintiff to prosecute an action she has decided to abandon. Excluding claims or disallowing evidence is similarly inappropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

with prejudice.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006:cone1710.f&r